J-S59018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KURTIS O. GRAVES | : | |
| | : | |
| Appellant | : | No. 2898 EDA 2016 |

Appeal from the PCRA Order August 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0208241-2005

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED DECEMBER 26, 2017**

Kurtis O. Graves appeals from the order entered August 12, 2016, in the Philadelphia County Court of Common Pleas dismissing, as untimely filed, his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Graves seeks relief from the judgment of sentence of an aggregate term of 20 to 40 years' imprisonment, imposed on October 15, 2005, following his negotiated guilty plea to third-degree murder and carrying a firearm without a license.[2]  On appeal, Graves argues the PCRA court erred in failing to provide him with an evidentiary hearing so that he could present the testimony of a witness, Jeremiah Clark, who would support a claim he

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(c) and 6106(a), respectively.

acted in self-defense and establish his guilty plea was entered unknowingly. For the reasons below, we affirm.

The relevant facts and procedural history underlying this appeal are as follows. On October 18, 2005, Graves entered a negotiated guilty plea to charges of third-degree murder and carrying a firearm without a license for the January 2005, shooting death of James Boone. In exchange for the plea, the Commonwealth agreed not to pursue a charge of first-degree murder, and Graves was sentenced to an aggregate term of 20 to 40 years' imprisonment. He did not file a direct appeal.

On November 16, 2006, Graves filed a timely, *pro se* PCRA petition asserting the ineffective assistance of plea counsel. Counsel was appointed, but later sought permission to withdraw. After providing Graves with prior notice, the PCRA court entered an order on August 10, 2007, dismissing Graves's petition and permitting appointed counsel to withdraw.[3] Graves did not file an appeal.

Thereafter, on February 11, 2008, Graves filed a second, *pro se* PCRA petition, in which he sought reinstatement of his appellate rights from the denial of his first petition. Following an evidentiary hearing, on March 26, 2009, the PCRA court reinstated Graves's right to appeal the denial of his first PCRA petition.

---

[3] Counsel sought permission to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Graves raised two issues on appeal, both challenging the PCRA court's decision allowing appointed counsel to withdraw. In an unpublished memorandum decision filed on April 12, 2010, a panel of this Court affirmed the order denying PCRA relief, and the Pennsylvania Supreme Court denied Graves's subsequent petition for allowance of appeal. *See Commonwealth v. Graves*, 998 A.2d 1005 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 8 A.3d 898 (Pa. 2010).

On February 19, 2014, Graves filed the instant, *pro se* PCRA petition, claiming he recently acquired exculpatory evidence supporting his assertion that the victim possessed a gun on the night in question and was the lead aggressor. *See* Motion for Post Conviction Collateral Relief, 2/19/2014, at 3a. Graves attached to his petition, *inter alia*, an affidavit from his friend, eyewitness Jeremiah Clark, who attested he told homicide detectives the victim had a gun and he did not see Graves "commit any crime," but the detectives employed "manipulation, threats, and intimidation" to coerce him into signing a statement implicating Graves.[4] *See id.*, Exhibit A, Statement of Jeremiah Clark, 12/19/2013, at 2. Counsel was appointed and filed an amended petition on April 2, 2015. Thereafter, on June 28, 2016, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the

---

[4] Although Graves attached to his petition several affidavits from other purported witnesses, his argument on appeal focuses solely on Clark's affidavit and proposed testimony.

- 3 -

petition without conducting an evidentiary hearing. Receiving no response, the court entered an order on August 12, 2016, dismissing Graves's petition as untimely filed. This appeal followed.[5]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." **Id.** at 1284 (citations omitted).

Here, the PCRA court concluded Graves's petition was untimely filed, and Graves failed to establish the applicability of one of the time-for-filing exceptions. **See** PCRA Court Opinion, 3/27/2017, at 3-11.

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

---

[5] On September 21, 2016, the PCRA court ordered Graves to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Graves complied with the court's directive and filed a concise statement on October 12, 2016.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Graves's judgment of sentence was final on November 17, 2005, 30 days after he was sentenced and the time for filing a direct appeal expired. **See id.** at § 9545(b)(3); Pa.R.Crim.P. 720(A)(3). Therefore, he had until November 17, 2006, to file a timely petition, and the one before us, filed more than seven years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Here, Graves asserts his petition meets the timeliness exception for newly discovered facts found in Section 9545(b)(1)(ii). **See** Graves's Brief at 21-28. This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330–

- 5 -

31, 781 A.2d 94, 98 (2001); **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super.2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. **Id.** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. **Bennett***, supra* at 393, 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" **Id.** Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii); **Bennett***, supra.* Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia,* unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence.** If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Bennett***, supra* at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. **Id.** at 395, 930 A.2d at 1271.

**Commonwealth v. Brown**, 111 A.3d 171, 176–177 (Pa. Super. 2015)

(emphasis in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly,

before we may consider whether Graves's substantive claim of after-discovered evidence merits relief,[6] we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176.

Graves argues his petition satisfied both requirements, and raised a genuine issue of material fact warranting an evidentiary hearing.[7] First, he asserts the new, previously unknown facts, are that, contrary to his signed statement, Clark told the investigating detectives that Boone was armed on the night in question, but the detectives "refused to memorialize this exculpatory fact" and threatened to imprison Clark if he did not sign the statement they drafted. Graves's Brief at 22. Further, Graves insists he had "no way of knowing what detectives did or said to [Clark] or that their threats to him were the reason [Clark] signed a statement he knew to be false and misleading." *Id.* To this end, Graves contends his decision to plead guilty

---

[6] To obtain relief based upon a substantive claim of after-discovered evidence, a petitioner must demonstrate the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Montalvo***, 986 A.2d 84, 109 (Pa. 2009) (quotation omitted), *cert. denied*, 562 U.S. 857 (2010).

[7] Neither the Commonwealth nor the PCRA court dispute the fact that Graves filed the present petition within 60 days of the date this claim could have first been raised pursuant to 42 Pa.C.S. § 9545(b)(2).

was based on false and misleading information concerning the viability of a self-defense claim due to the Commonwealth's suppression of Clark's exculpatory statement. *See id.* at 13-14. Accordingly, he maintains Clark's affidavit "raised a material issue of disputed fact regarding the truthfulness of [his] plea's factual basis" and, as such, the PCRA court should have conducted an evidentiary hearing. *Id.* at 15.

The PCRA court, however, found Graves failed to establish (1) the facts in Clark's affidavit were "previously-unknown" to him, and (2) that he could not have ascertained the facts earlier "through reasonable diligence." PCRA Court Opinion, 3/27/2017, at 3, 10. The court explained Graves was present at the scene of the crime, and, therefore, "would have certainly been aware, at the time of his guilty plea," that the victim was armed, a fact which he insists supports a claim of self-defense. *Id.* at 8. Furthermore, the court found Graves failed to establish why he could not have learned of Clark's statement previously if he had acted with due diligence. *See id.* at 10. Indeed, Clark indicates he was Graves's best friend at the time of the shooting. *See* Statement of Jeremiah Clark, *supra*, at 1. Graves did not allege he took any steps to contact Clark, or question the legitimacy of Clark's purportedly false statement, either prior to the entry of his guilty plea, or in the ensuing eight years before Clark signed the statement. Finding no genuine issue of material fact, the PCRA court declined to hold an evidentiary hearing. *See id.* at 10.

Our review of the record, the parties' briefs, and the relevant statutory and case law, reveals no basis to disturb the PCRA court's ruling. Graves does not deny he was aware of a potential self-defense argument before he entered his guilty plea. **See** Graves's Brief at 25 ("Mr. Graves knew he fired in self-defense and therefore presumably knew or may have known [Clark's] statement was untrue."). Rather, the crux of his complaint is the only evidence supporting a self-defense claim would have been his own, self-serving testimony, and "[b]ecause the discovery contained no witness statements supporting [this] claim, trial counsel advised [him] to accept the Commonwealth's third-degree murder plea offer."[8] **Id.** at 11. Therefore, Graves focuses on the fact that the Commonwealth purportedly suppressed Clark's "true" statement, not on the facts contained in the statement itself.

We find his argument misplaced. Even assuming, *arguendo*, the detectives did coerce Clark into signing a false statement, Graves still cannot establish he was unaware of the facts contained in Clark's "true" statement. Furthermore, we agree with the PCRA court's finding that Graves failed to demonstrate he could not have previously learned of Clark's "true" statement,

_____

[8] We note Graves did not comply with Section 9545(d)(1) of the PCRA, and include a certification that plea counsel would testify to this fact at an evidentiary hearing. **See** 42 Pa.C.S. § 9545(d)(1) ("Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony …[.] Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.").

as well as the Commonwealth's purported misconduct in suppressing that statement, if he had exercised reasonable diligence.

Graves responds to the PCRA court's finding by asserting that that while he knew he acted in self-defense, and, therefore, that Clark's pretrial statement might be untrue, he had "'no way of knowing' what detectives said or did to [Clark] during his interrogation." Graves's Brief at 24. In support, he relies upon this Court's *en banc* decision in ***Commonwealth v. Medina***, 92 A.3d 1210 (Pa. Super. 2014) (*en banc*).

In ***Medina***, ***supra***, the defendant was convicted of first-degree murder based solely upon the "emotional" testimony of a 12-year-old boy, who claimed he witnessed the defendant stab the victim, and his 10-year-old brother, who claimed he had witnessed a drunken defendant earlier that evening brandishing a knife, and threatening to kill someone. ***See id.*** at 1213. There was no physical evidence or motive linking the defendant to the crime, and, the defendant, at all times, maintained his innocence. ***See id.*** The younger brother recanted his testimony fourteen years later, claiming a police detective coerced and threatened both he and his brother, forcing them to lie. ***See id.*** at 1217. In concluding the defendant could not have discovered the child's recantation through the exercise of due diligence, the *en banc* panel relied, in part, on the PCRA court's determination that in the years since his trial, the defendant had no reason to suspect a detective coerced the boys' statements. ***See id.*** at 1217. Moreover, the panel opined:

We further note that [the younger brother] testified consistently and unequivocally at trial that [the defendant] wielded a knife shortly before the murder and stated that he was going to kill someone. As such, it was highly unlikely that defense counsel, without any supporting factual basis, could have compelled [the child] to change his testimony during cross-examination, by engaging in a fishing expedition as to why [he] was lying. Therefore, we conclude that [the defendant] could not have discovered the source of [the younger brother's] recantation, or the recantation itself, through the exercise of due diligence, and his second petition was filed timely under the after-discovered evidence exception. **See Commonwealth v. McCracken**, 540 Pa. 541, 659 A.2d 541, 545 (1995) (concluding that recantation testimony qualified as after-discovered evidence because the witness identified the defendant at the preliminary hearing and trial unequivocally, which "foreclosed the possibility that defense counsel could have persuaded [the witness] to change his statement concerning the identity of the perpetrator prior to the close of trial."); **Commonwealth v. Cobbs**, 759 A.2d 932, 934–35 (Pa. Super. 2000) (concluding that variations in officers' identification testimony elicited during a civil case deposition after the criminal trial was completed satisfied the after-discovered exception because "it could not have been discovered prior to or at the trial.").

*Id.* at 1217-1218.

We find the facts *sub judice* distinguishable. Most significantly, in the present case, Graves entered a guilty plea before trial. This Court considered the voluntariness of Graves's plea in his prior appeal:

At the guilty plea colloquy, the trial court specifically informed [Graves] of the Commonwealth's burden of proof for both murder in the first and third degree. [Graves] stated that he understood this. [Graves] also agreed that he understood the presumption of innocence, that he was entitled to a trial by jury, and that he could be convicted only if he was found guilty beyond a reasonable doubt by all twelve jurors. [Graves] stated that no promises had been made to him beyond what had been negotiated; that he was not pressured or coerced to plead guilty; and that he was pleading guilty of his own freewill. [Graves] also signed a written guilty plea colloquy in which he affirmed that he

- 11 -

was pleading guilty of his own free will; no further promises had been made to him beyond the negotiated deal; he understood his trial rights; he was satisfied with counsel's advice and representation; and that he was giving up all rights to defend his case. [Graves] also agreed that the facts read onto the record by the Commonwealth were true.

A criminal defendant is bound by the statements he made during his plea colloquy. **Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, at this juncture, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999), *appeal denied* 764 A.2d 1068 (Pa. 2000) (table).

**Graves**, **supra**, 998 A.2d 1005 (unpublished memorandum at 7-8).

Accordingly, unlike in **Medina**, Clark did not testify against Graves at trial under oath. Had Graves truly believed his best friend's statement to police was incorrect, or even fabricated, he could have attempted to contact Clark in the eight years after he entered his guilty plea, and before Clark signed the affidavit.[9] **See Commonwealth v. Brown**, 111 A.3d 171, 178 (Pa. Super. 2015) (finding defendant failed to establish he acted with due diligence in learning a Commonwealth witness omitted crucial details regarding shooting from his testimony, when defendant knew witness was at the scene and "would have had reason to believe" the witness heard the victim curse at the defendant and reach toward his waistband before defendant fired shots; "[n]otably, Appellant makes no claim that he attempted to contact [the witness] at any point since trial to determine whether [he] had additional

---

[9] The affidavit is addressed to the Third Circuit Court of Appeals, and references a case entitled "Kurtis Graves v. Superintendent SCI Mahoney, et al." **See** Statement of Clark, **supra**, at 1. It does not reveal whether Clark was contacted by Graves to provide the "true" account of his police statement.

- 12 -

information regarding the day of the shooting."), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

Furthermore, Graves acknowledged in his written plea colloquy that by entering a plea of guilty, he was forfeiting his right to raise any defense to his crime:

> If I plead guilty, I am giving up the right to defend my case. I cannot come back to court later and say that I was not guilty. Once I plead guilty, I can no longer complain that I was innocent and did not commit the crime.

Written Guilty Plea Colloquy, 10/15/2005, at 3. If he had indeed committed the crime in self-defense, Graves was aware of that fact at the time he entered the plea and signed the written colloquy. He is entitled to no relief now.

Accordingly, because we agree with the ruling to the PCRA court that Graves's petition was untimely filed and he failed to establish the applicability of any of the time-for-filing exceptions, we affirm the order dismissing his petition without first conducting an evidentiary hearing.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: *12/26/2017*